**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STACY LEE TAYLOR,<br><br>　　　　　　　　Petitioner,<br>　vs.<br><br>VINCENT J. IARIA, Chief, San Diego County Probation,<br><br>　　　　　　　　Respondent. | CASE NO. 06 CV 0661 JM (LSP)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On March 24, 2006, Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges, on due process grounds, her September 24, 2004 conviction for violations of California Vehicle Code § 2800.2(a) (driving with wanton disregard to the safety of others while fleeing a police officer), California Penal Code § 273a(b) (endangering a child), and California Penal Code § 148(a)(1) (resisting a peace officer). Pending before the court is the Report and Recommendation ("R&R") of the Honorable Leo S. Papas, United States Magistrate Judge, recommending that the petition be denied. See Docket No. 11. Petitioner filed timely objections, and Respondent filed a timely reply. For the reasons set forth below, the court wholly **ADOPTS** the conclusions and findings contained in the R&R, incorporated by reference herein.

The duties of the district court in connection with a magistrate judge's R&R are set forth in the Federal Rules of Civil Procedure Rule 72(b) and 28 U.S.C. § 636. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the

/ / /

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980).

The court will now conduct a de novo review of those portions of the R&R to which Petitioner objects. First, Petitioner objects to the R&R's conclusion that Petitioner's due process rights were not violated when the prosecutor charged her with violating California Vehicle Code § 2800.2(a), but during trial argued to the jury, and the trial judge subsequently instructed, that the jury could rely on § 2800.2(b) as a possible basis for conviction. Section 2800.2 provides as follows:

> § 2800.2. Driving in willful or wanton disregard for safety of persons or property while fleeing from pursuing police officer; penalties
>
> (a) If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year. The court may also impose a fine of not less than one thousand dollars ($1,000) nor more than ten thousand dollars ($10,000), or may impose both that imprisonment or confinement and fine.
>
> (b) For purposes of this section, a willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs.

Cal.Vehicle Code § 2800.2.

As the R&R correctly concluded, the failure to charge Petitioner with § 2800.2(b) does not offend principles of due process. Subpart (b) does not provide for an offense separate from that defined in subpart (a), but merely defines one way in which wantonness for purposes of subpart (a) can be established. This conclusion is supported not only by the R&R's sound and detailed reasoning which will not be repeated here, R&R at 8-20, but it is also supported by the statutory text of § 2800.2 itself. Subpart (b) begins "[f]or purposes of this section", indicating that it is definitional in nature, and contain the words "but is not limited to", indicating that it is merely a non-exhaustive illustration of wantonness for purposes of subpart (a). Therefore, charging Petitioner with subpart (a) only, which includes "willful or wanton disregard" as an element of the crime, gave Petitioner adequate notice that the prosecutor would seek to prove wantonness at trial, regardless of whether subpart (b) was mentioned in the charging instrument or not.

Petitioner contends in a conclusory fashion that subpart (b) represents a separate offense that must be charged because "Section 2800.2 provides two very different ways to prove the element (i.e. the fact) of wantonness: either the mental state of reckless disregard or simply the commission of three traffic infractions involving safe operation of a vehicle." Petitioner's Objections at 4. This is an unreasonable construction of the statute. Rather, for the reasons stated above, it is clear that subpart (b)'s specific definition of wantonness is fully subsumed within, and not "very different" from, subpart (a)'s general reference to "willful or wanton disregard." Therefore, Petitioner's first objection lacks merit.

Second, Petitioner objects to the R&R's conclusion regarding the trial judge's failure to instruct the jury on the meaning of "elude" or "evade"[1] for purposes of § 2800.2 on the ground that such failure deprived Petitioner of her right to argue her theory of the case. This is because, according to Petitioner, her defense theory was that § 2800.2 requires proof that Petitioner was eluding the police for the purpose of avoiding detention, rather than for the purpose of driving to a safe place to stop. Id. at 7. Petitioner, however, concedes that her proffered instruction–that "evade" means "to elude by dexterity or stratagem" and elude means "to escape the perception, understanding, or grasp of", Lodgement 1 at 446-449, Lodgment 9 at 10-11–"was formalistic and tied to a dictionary definition[.]" Petitioner's Objections at 8. The trial court has discretion, confined within the protections of due process, to refrain from giving jury instructions which may have the effect of confusing the jury. People v. Saddler, 24 Cal. 3d 671, 681 (1979). Here, the trial court's denial of Petitioner's request to define "evade" and "elude" did not violate due process because, as Petitioner acknowledges, she was still permitted to argue her theory to the jury and the trial judge reasonably found that the requested instructions would confuse the jury. Petitioner's Objections at 8; Cupp v. Naughten, 414 U.S. 141, 146 (1973) (holding that a jury instruction given in a criminal case that witnesses are presumed to testify truthfully did not violate the defendant's due process right to a presumption of innocence).

---

[1] It is unclear from the record whether Petitioner complains about the failure to instruct the jury on the meaning of the word "elude", which is the actual word used in § 2800.2, or the word "evade", which does not appear in § 2800.2 but is discussed in Petitioner's Memorandum of Points and Authorities in Support of Her Petition for Habeas Corpus, or both. See Mem. at 14. Regardless, the trial judge's failure to issue such a special instruction was not contrary to, or an unreasonable application of, clearly established federal law for the reasons stated in the R&R and this order. § 2254(d).

Petitioner distinguishes Cupp, on which the R&R relies, R&R at 22, on the ground that "[t]he error [in Petitioner's case] went to the element of the offense and the defense entitlement to her defense theory being given the jury." Petitioner's Objections at 8.  While Cupp may be distinguished in this manner, doing so actually hurts Petitioner's position more than helps it.  If, in Cupp, the controversy involved the right to a presumption of innocence within the context of an instruction given that allegedly impinged the defendant's due process rights, Cupp, 414 U.S. at 147-48, here the controversy is of decidedly less constitutional concern.  In Petitioner's case, the trial judge reasonably exercised his discretion in refusing to instruct the jury on the meaning of "evade" or "elude", words which from the record do not appear to have any technical definition.

With respect to Petitioner's third set of objections, made in connection with the R&R's conclusion that the failure to require the jury to unanimously agree on the specific acts that constitute the offenses charged under § 2800.2 and California Penal Code § 237a(b)[2] did not violate due process, Petitioner renews arguments she made before the magistrate and which are properly disposed of in the R&R.  R&R at 23-27.  Therefore, these objections lack merit.

Lastly, Petitioner objects to the R&R's conclusion that Petitioner's due process rights were not violated when the trial judge excluded evidence showing the arresting officer, Officer Shockley, had previously used excessive force in a separate case involving a different female arrestee. Putting aside Petitioner's objection as to whether this proffered evidence actually involved an incident between Shockley and another female "arrestee's drunken, persistent, physical resistance to a blood sample during which she kicked two police officers," Petitioner's Objections at 10, the heart of Petitioner's argument is that she was foreclosed from presenting evidence "to corroborate her defense that [Shockley] acted violently and irrationally at the second as well as the final stop." Id.  As Petitioner acknowledges, however, other defense evidence was admitted on this particular defense

---

[2] Section 273a(b) provides,
Any person who, under circumstances or conditions other than those likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of that child to be injured, or willfully causes or permits that child to be placed in a situation where his or her person or health may be endangered, is guilty of a misdemeanor.

Cal. Pen. Code § 273a(b).

1  theory.  Id.  Petitioner has a right to present relevant evidence, but she does not have the right to
2  present all relevant evidence.  Montana v. Egelhoff, 518 U.S. 37, 42 (1996) (plurality opinion); see
3  Fed. R. Evid. 403.  For the reasons stated in the R&R, the trial judge properly excluded this evidence
4  as cumulative and a waste of time.  R&R at 29.

5  For the foregoing reasons, Petitioner's objections are overruled in their entirety.  The court
6  **ADOPTS** in whole the findings and conclusion contained in the R&R.  The petition is therefore
7  **DENIED**.

8  **IT IS SO ORDERED.**

9  DATED:  May 7, 2007

10  _____
11  Hon. Jeffrey T. Miller
    United States District Judge

12  cc:    Magistrate Judge Leo S. Papas
         All Parties